# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LL&E MINING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-374C |
| v. | ) | Judge Bruggink |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATUS REPORT

Pursuant to the Court's Order of September 16, 2005, plaintiff, LL&E Mining, Inc., submits this status report.

This matter is one of over 25 similar cases involving challenges to the method by which the United States calculated periodic price adjustments regarding the sale of jet fuel to the Federal Government. At issue is whether the Government utilized the a lawful and correct market-price measurement tool. With cases dating back to 1995, the commencement of this case in March of 2005 makes it one of the newest of these cases. In addition, with the stay granted in virtually all of the jet fuel cases pending the outcome of the appeal to the United States Court of Appeals for the Federal Circuit, in *Tesoro Hawaii Corp v. United States*, No. 02-704, this case is still in a nascent stage, with the matter yet to be joined though submission of. an answer or other responsive pleading by the United States.

The *Tesoro* decision merely eliminated that portions of plaintiff's case in which plaintiffs in this and the other cases asserted that the Government's price adjustment method was *per se* improper. There remain the numerous other theories under which plaintiffs might recover in this and the other cases.

Upon entering this matter as substituted counsel for LL&E, in mid-September 2005, undersigned counsel initiated discussions with counsel for the United States to explore the possibility of settlement. The United States has expressed a willingness to undertake such discussions and they are expected to continue in the coming weeks.

In addition, based upon what he has learned about the substance of post-*Tesoro* status conferences conducted in a substantial number of the other jet fuel cases, undersigned counsel understands that the United States has or is soon to seek summary judgment regarding a many of the jet fuel cases that are more mature than this one.[1] The outcome of these more advanced cases is likely to dramatically shape how these matters and this matter are to proceed. If the United States prevails, it likely will circumscribe the bases upon which plaintiffs can continue and will narrow the scope of these cases and the resources that need to be expended to achieve their resolution. If the United States fails, the matters likely will move forward to a factual consideration of the various market measurement tools, which likely will require a substantial expenditure of effort for all concerned.

Were this matter to proceed at this juncture, undersigned counsel expects that it would lead to yet another motion for summary judgment similar to those being submitted in other cases. Considering the nascent stage of this matter, undersigned counsel and counsel for the United

[1] Although this Court has not scheduled further proceedings in *Tesoro*, undersigned counsel understands that summary judgment is to be submitted as a test case during November in one of the several cases pending before Judge Wiese, based upon the record of an October 20, 2005 status conference in *Placid Holding Co. v. United States*, No. 03-01216; *ConocoPhillips v. United States*, No. 02-01367; *Exxon*, 02-01217; and *Williams Alaska*, 02-00705. Similar motions are expected in matters pending before Judge Firestone, in *Valero Refining-Texas, LP, et al. v. United States*, No. 03-1916C) (*Western Refining Co., LP v. United States*, No. 03-2669C and *Western Refining Co., LP v. United States*, No. 05-439C are consolidated with and stayed pending resolution of *Valero*). Similar motions are expected in matters before Judge Block. *E.g.*, *Hermes Consolidated v. United States*, No. 02-1460 and *El Paso Merchant v. United States*, No. 02-1094.

States are of the view that it would be a better usage of time and resources for the parties, and would conserve the resources of the Court, if they (i) endeavor to resolve this matter informally and (ii) await the outcome regarding the fundamental legal issues in cases more mature than this one prior to delving full force into this case through the submission of a responsive pleading or a motion for summary judgment, or by commencing of discovery.

As a result, counsel for the United States advised undersigned counsel that he would not oppose a motion to stay proceedings in this matter pending the outcome of the summary judgment motions that undersigned counsel understands the United States will be submitting in the near future. On that basis, LL&E submitted to the Court on November 14, 2005 such a motion to stay proceedings.

If the Court grants LL&E's motion, counsel would continue to explore settlement. In addition, undersigned counsel would propose to provide status reports to the Court on a 60-day schedule, with the next status report to be submitted on or before Friday January 13, 2006.

Respectfully submitted,

/s/ Anthony H. Anikeeff

Anthony H. Anikeeff
Bracewell & Giuliani LLP
2000 K Street, NW, Suite 500
Washington, D.C. 20006-1782
Tel: (202) 828-5800
Fax: (202) 857-2142

Dated: November 14, 2005

Attorney for LL&E Mining, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2005, a copy of the foregoing Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Steven J. Gillingham, Esq.
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 l Street, N.W.
Washington, D.C. 20530

___/s/ Anthony H. Anikeeff__